IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:09-CR-00157-F-2
7:12-CV-00242-F

| | |
|---|---|
| **Oshawn Louis Copeland**, | |
| Petitioner, | |
| v. | **Memorandum & Recommendation** |
| **United States of America**, | |
| Respondent. | |

Petitioner Oshawn Louis Copeland, proceeding under 28 U.S.C. § 2255, seeks to vacate, set aside, or correct the 240 month sentence of imprisonment imposed in connection with his guilty plea to one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). ("Motion to Vacate") Copeland argues that he is entitled to relief because he was improperly determined to be eligible for an enhancement as a career offender. The Government argues that numerous procedural issues bar his claim for relief.

After reviewing the docket and the arguments of the parties, it appears that Copeland is not entitled to the relief he seeks because his petition is untimely, he knowingly and voluntarily waived the right to collaterally attack his conviction and sentence and he procedurally defaulted on his claims by failing to raise them on direct appeal. Therefore, the undersigned recommends[1] that that the court deny Copeland's Motion to Vacate (D.E. 203, 205) and grant the Government's Motion to Dismiss (D.E. 207).

---

[1] The district court referred this matter to the undersigned United States Magistrate Judge for the entry of a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1).

## I.     Background

In 2010, Copeland entered a guilty plea to one count of conspiracy to distribute and possession with the intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). At sentencing, the court determined that he was a career offender and sentenced him to serve a 240 month prison sentence. The court's determination that Copeland qualified for a career offender enhancement was based upon his prior convictions in North Carolina State Court on two separate counts of Possession with Intent to Manufacture, Sell, and Deliver Cocaine, for which he was sentenced to 8 to 10 months custody each. The court entered its judgement on May 13, 2010.

Copeland did not appeal his conviction or sentence. Instead, on August 20, 2013, he filed a Motion to Vacate. (D.E. 203). After the court notified him that his motion was deficient because it lacked a signature, Copeland filed a signed, but otherwise identical, motion on August 31, 2012. (D.E. 205). The Government responded by filing a Motion to Dismiss. (D.E. 207).

Copeland claims that he is entitled to have his sentence vacated because after the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S.563, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010) and the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*), his state court convictions do not qualify him for a career offender enhancement.

Although the Government does not address the merits of Copeland's claim, it urges the court to dismiss his petition on procedural grounds. Specifically, the Government contends that Copeland's claim was not filed within the one year statute of limitations in 28 U.S.C. § 2255(f) and he is not entitled to equitable tolling of the limitations period, that his claims are barred under the procedural default rule because he did not present his arguments on a direct appeal of

his sentence and that Copeland agreed to waive his right to pursue a post-conviction challenge in connection with his plea agreement.

Copeland disagrees with the Government's assessments. With respect to the timeliness issue, he asserts that his action is timely under 28 U.S.C. § 2255(f)(4) because it was filed within one year of the *Simmons* opinion. Additionally, he claims that he is entitled to equitable tolling of the statute of limitations because he has been diligently pursuing his claims and *Simmons* constituted an extraordinary circumstance which removed an impediment to his ability to obtain the relief he seeks. Copeland rejects the Government's wavier arguments because, he claims, his waiver was not knowingly and voluntarily made and, in any event, his claims fall outside the scope of the waiver contained in his plea agreement. Finally, Copeland claims that he has not procedurally defaulted on his claims because it would have been futile for him to pursue an appeal prior to *Simmons* and he is entitled to an exception from the procedural default rule due to the fact that he is actually innocent of the career offender status.

## II.    Legal Standards

In order to prevail on his Motion to Vacate, Copeland must show that (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such sentence; or (3) that his sentence exceeded the maximum authorized by law. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall … grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law" regarding the petitioner's motion." 28 U.S.C. § 2255(b). However, ultimately, the petitioner must establish that he is entitled to relief by a preponderance of the evidence. *See, e.g.*, *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (*per curiam*).

The Federal Rules of Civil Procedure are applicable to the court's consideration of a § 2255 motion to the extent that they do not conflict with any other statutory provisions or the procedural rules specifically applicable to § 2255 motions. Rules Governing Section 2255 Proceedings, Rule 12. Therefore, in reviewing the Government's Motion to Dismiss, the court will apply the standard that generally applies to motions brought pursuant to Rule 12(b)(6).

The Supreme Court has explained that in order to withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* The court may also consider documents that are part of the public record, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), and in the context of a § 2255 motion, "the files and records of the case[,]" 28 U.S.C. § 2255(b).

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Id.* at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged — but it has not 'shown' — 'that the pleader is entitled to relief'" *Id.* If a party fails to show that they are entitled to relief, the court must dismiss the deficient claims.

## III.    Analysis

Although Copeland raises a myriad of defenses to the Government's argument that his Petition should be dismissed, all of his arguments are centered on the idea that *Simmons* can cure any procedural defects that stand in the way of the relief he seeks. Unfortunately for Copeland, the Fourth Circuit Court of Appeals has not accorded *Simmons* this sort of broad-ranging authority.

### A.  Timeliness

The Government argues that the Motion should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules because he has failed to state a claim upon which relief may be granted. Specifically, the Government contends that Copeland filed his motion outside the one-year statute of limitations governing Section 2255 claims. Ordinarily, a court will not address an affirmative defense such as the statute of limitations when resolving a 12(b)(6) motion. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). However, it may do so if all of the facts necessary to rule on the affirmative defense "clearly appear on the face of the complaint." *Id.* In this case, the Motion to Vacate contains sufficient information to establish that Copeland's Motion was not filed in a timely manner.

Motions brought pursuant to 28 U.S.C. §2255 are subject to a one-year statute of limitations. The limitations period runs from the latest of four possible dates:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

5

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because he did not file a direct appeal, Copeland's judgment became final when his time to appeal expired on May 27, 2010. *See* Fed. R. Civ. P. 4(b); *Clay v. United States*, 537 U.S. 522, 524–25 (2003) (holding conviction becomes final after the time period to appeal or seek review has expired); *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (stating that "since [petitioner] did not file a direct appeal, his conviction became final for purposes of § 2255 subsection (1)," on the date "upon which he declined to pursue further direct appellate review"). Accordingly, to be considered timely, Copeland's Motion to Vacate needed to be filed on or before May 27, 2011. However, he did not file his Motion to Vacate until, at the earliest, August 20, 2012, which means that the statute of limitations bars his claim for relief.

Nonetheless, Copeland argues that his Motion to Vacate is timely under § 2255(f)(4),[2] which provides a petitioner with one year to file a petition from the "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Courts have consistently held that *Simmons* does not constitute a "fact" for the purposes of § 2255(f)(4). *See Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014), *cert. denied*, 2015 WL 1278533 (June 29, 2015); *McLeod v. United States*, No. 5:12-cv-622,

---

[2] Copeland makes reference to § 2255(f)(3) in his Response in Opposition to the Government's Motion to Dismiss. Section 2255(f)(3) provides that a petition may be filed within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). It is unclear if Copeland wished to argue that his claim is timely under § 2255(f)(3) in light of *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010) and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*) or if this was merely a scrivener's error. In any event, Copeland cannot establish his petition is timely under § 2255(f)(3) because it was filed more than a year after *Carachuri-Rosendo*, and *Simmons* is not a Supreme Court decision.

6

2013 WL 831633 (E.D.N.C. Mar. 6, 2013); *Farmer v. United States*, No. 5:02–CR–131–BO, 2012 WL 5835524, at * 1 n. 1 (E.D.N.C. Nov. 16, 2012); *United States v. Hardison*, No. 4:11–CV–196–FL, 4:08–CR–77–FL–2, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011).

As neither of the decisions cited by the Defendant provide the necessary predicates to trigger the applicability of the one year time period to filed a motion under § 2255(f)(3) and (4), the present motion should be denied as untimely.

### B.    Equitable tolling

Copeland attempts to avoid the effects of his untimely filing by relying on the doctrine of equitable tolling. The Supreme Court has held that a petitioner is entitled to equitable tolling of AEDPA's limitations period if: (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance prevented him from filing his petition in a timely manner. *Holland v. Florida*, 560 U.S. 631, 649 (2010). In order to satisfy the extraordinary circumstances prong, the petitioner must show that he was subject to (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Copeland claims that he is entitled to equitable tolling because he did not have a viable claim prior to *Simmons* and he filed his petition as soon as practicable after the decision issued. However, the Fourth Circuit has rejected the argument that *Simmons* provides a basis for equitable tolling of the statute of limitations. Specifically, the Court of Appeals held that "[e]quitable tolling thus may not be applied where, as here, the only impediment to timely filing was the discouragement felt by petitioner when calculating his odds of success." *Whiteside*, 775 F.3d at 186. Thus, Copeland has not demonstrated that he is entitled to equitable tolling. Accordingly, his § 2255 motion is untimely and subject to dismissal.

## C.        Waiver of Right to Collaterally Attack His Sentence

The Government contends that Copeland's petition should be dismissed because his plea agreement contained a waiver of his right to collaterally attack his sentence, except under limited circumstances that do not apply in this case. Copeland disagrees and seeks an evidentiary hearing to determine whether the waiver of his right to collaterally attack his sentence was not knowingly and voluntarily made and that the claims raised in his petition fall outside the scope of the waiver. Based upon the terms of the plea agreement and the transcripts of both his Rule 11 hearing and sentencing, the Government is correct in its assertion that Copeland has waived the right to present the claims in his petition.

The Fourth Circuit has held that a defendant may waive the right to collaterally attack his conviction and sentence, so long as the waiver is knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Typically, a petitioner will typically raise one of two arguments when confronted with the argument that his claims are barred by a waiver contained in a plea agreement: (1) the waiver was not entered into knowingly and voluntarily; or (2) the issues raised in the petition fall do not within the scope of the waiver. *Id.* at 220 & n. 2. Resolving disputes over the validity and scope of a § 2255 waiver typically requires the court to examine the terms of the plea agreement between the parties, transcripts from the petitioner's plea hearing and sentencing, and the nature of the claims advanced in support of the petitioner's claim for relief. The court will begin by determining whether Copeland knowingly and voluntarily waived his right to collaterally attack his sentence and, if that question is resolved against him, determine whether his claims are encompassed in the terms of the waiver.

### 1. Copeland Knowingly and Voluntarily Waived His Right to Collaterally Attack His Sentence.

It is indisputable that Copeland's plea agreement, which he signed, contained a provision regarding waiver of his right to collaterally attack his sentence. (D.E. 19). Specifically, Copeland agreed to give up "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255…." *Id.* Only claims of "ineffective assistance of counsel or prosecutorial misconduct not known to" Copeland at the time of his plea were spared from this blanket waiver. *Id.*

Copeland does not dispute that his plea agreement contained this language. Instead, he asserts that based upon his review of plea transcripts from other cases before the court, he believes the court failed to adequately address the fact that he waived his rights to collaterally attack his sentence. He seeks an evidentiary hearing to resolve the question of whether his waiver was knowingly and voluntarily made.

Before granting a request for an evidentiary hearing, the "court must determine 'whether the petitioner's allegations, when viewed against the record of the Rule 11 plea hearing, were so palpably incredible, so patently frivolous or false as to warrant summary dismissal.' " *United States v. White*, 366 F.3d 291, 296 (4th Cir. 2004) (quoting *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (alterations omitted)). "Only if a petitioner's allegations can be so characterized can they be summarily dismissed." *Id.* at 296–97. Challenges based upon assertions that contradict the petitioner's sworn statements at a Rule 11 hearing are, absent extraordinary circumstances, frequently found to be palpably incredible and patently frivolous or false. *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th. Cir. 2005). Ultimately, the court's determination is based upon the totality of the circumstances surrounding the petitioner's guilty plea. *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005).

Here, it is clear from his sworn statements during his plea colloquy that Copeland was fully aware that was waiving his right to collaterally challenge his conviction and sentence. During Copeland's arraignment, the Government read the terms of the plea agreement, including the language waiving his right to bring a challenge under § 2255, into the record. *See* Arraignment Hr. Tr. 21:7–12. After the Government concluded reciting the terms of the plea agreement, Judge Fox confirmed that Copeland was aware of its terms. *Id.* at 25:22–24.

Subsequently, Judge Fox asked Copeland whether he understood that, pursuant to the plea agreement, he was waiving all rights to appeal his sentence and to contest his conviction or sentence in a post-conviction proceeding, except upon grounds of ineffective assistance of counsel or prosecutorial misconduct. *Id.* at 26:7–14. Copeland, who had previously been placed under oath, responded affirmatively. *Id.* at 25:15.

Judge Fox further inquired into the Defendant's voluntariness in entering the guilty plea to Count I. The Defendant stated that that no one threatened or forced him to enter a guilty plea; that no one made a promise to him other than what was contained in Plea Agreement to induce him to plead guilty; that no one had made him a guarantee as to what his sentence would be; and that there was no additional information he wished to present before the court accepted his plea. (*Id.* at 19:16–18; 26:16–24). Ultimately, the Court determined that Copleand's plea was fully knowing and voluntary. (*Id.* at 27:9–25).

Based upon Copeland's sworn statements at his Rule 11 hearing and the provisions of his plea agreement, his claim that his waiver of his right to collaterally attack his sentence was not knowingly and voluntarily made is palpably incredible and patently frivolous and false. As a result, Copeland is not entitled to an evidentiary hearing and the court finds that he knowingly and voluntarily waived his right to bring a challenge to his sentence under § 2255.

## 2. Copeland's claims fall within the scope of the waiver of his right to collaterally attack his sentence.

Copeland claims that he should be allowed to proceed with his § 2255 challenge in spite of the wavier contained in his plea agreement because his claims fall outside of the scope of the waiver. Specifically, he maintains that his claim falls outside the plea waiver because neither party had any reason to believe that the substantive law would change under *Simmons*. He also contends his *Simmons* claim falls outside of the scope of his waiver because his improper sentence constitutes a miscarriage of justice. However, the Fourth Circuit has already considered and rejected these arguments. *See United States v. Jones*, 549 F. App'x 219, 220 (4th Cir. 2014) (*per curiam*); *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Therefore, Copeland cannot establish that his claim falls outside of the wavier in the plea agreement and his claims should be dismissed.

## D. Copeland Procedurally Defaulted on his *Simmons* Claim and Cannot Establish Actual Innocence.

The Government argues that Copeland's claim for relief is barred due to his failure to raise the arguments he is now presenting to the court on appeal. Copeland responds that although he did not appeal his sentence to the Fourth Circuit, his claims should not be barred by a procedural default because, after *Simmons*, he lacks the necessary criminal history to be a career offender and, therefore, should be considered to be actually innocent. However, Copeland cannot utilize the actual innocence exception to the procedural default rule because he only asserts that the classification of his prior offenses was legally incorrect, not that he is actually innocent of the crime he was convicted of or the offenses that have qualified him for career offender status. Therefore, his claims are procedurally barred and should be dismissed.

As noted above, Copeland did not directly appeal his conviction or sentence. Generally, "claims not raised on direct appeal may not be raised on collateral review" and are thus procedurally defaulted. *Massaro v. United States*, 538 U.S. 500, 504 (2003). A procedural default, however, may be excused where the petitioner demonstrates "cause and prejudice" or that he is actually innocent of the crime for which he has been convicted. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982) and *United States v. Maybeck*, 23 F.3d 888, 891–92 (4th Cir. 1994)).

Here, Copeland relies solely upon the actual innocence exception to the procedural default rule. "Claims of actual innocence, whether presented as freestanding ones, or merely as gateways to excuse a procedural default, should not be granted casually." *Wilson v. Greene*. 155 F.3d 396, 404 (4th Cir.1998) (citations omitted). In order to establish actual innocence, a petitioner must demonstrate, by clear and convincing evidence, his actual innocence, meaning his factual innocence, not mere legal sufficiency. *Bousley*, 523 U.S. at 623; *Mikalajunas*, 186 F.3d at 493.

Of course, here, Copeland does not claim that he is actually innocent of the crime he pled guilty to, conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). Instead, he claims that after *Simmons* his prior criminal history should be reclassified so that he is no longer eligible for a career offender designation. The Fourth Circuit rejected a similar argument in *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010). In *Pettiford*, the Court of Appeals held that the actual innocence exception applies to allegedly improperly sentencing enhancements "only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not

from the legal classification of the predicate crimes." *Id.* Therefore, because Copeland is only challenging the classification of the predicate crimes and not the fact that he committed those crimes, he cannot establish that he is actually innocent and his claims for relief are barred due to his procedural default.

## IV.     Conclusion

For the foregoing reasons, the undersigned recommends that Copeland's Motion to Vacate (D.E. 203, 205) be denied and that the Government's Motion to Dismiss (D.E. 207) be granted. The undersigned also recommends that the court deny Defendant's Motion to Appoint Counsel (D.E. 211) as moot.

The Clerk is ordered to send a copy of this Memorandum and Recommendation to Copeland.  He shall have until 14 days after service of the Memorandum and Recommendation to file written objections.  The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If Copeland does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, his failure to file written objections**

**by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins***, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated: June 29, 2015.

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE