IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CR-00157-F-2
No. 7:12-CV-00242-F

| | | |
|---|---|---|
| OSHAWN LOUIS COPELAND, Petitioner | ) ) ) | |
| v. | ) ) | O R D E R |
| UNITED STATES OF AMERICA, Respondent. | ) ) ) | |

This matter is before the court on Objections [DE-263] to the Memorandum and Recommendation [DE-262] of United States Magistrate Judge Robert T. Numbers, II, regarding the Government's Motion to Dismiss [DE-207] Oshawn Louis Copeland's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-203, DE-205][1] and Copeland's Motion to Appoint Counsel [DE-211]. For the reasons set forth below, the court ADOPTS the recommendation of the Magistrate Judge to ALLOW the Government's Motion to Dismiss and DENY as moot Copeland's Motion to Appoint Counsel.

## I. Factual and Procedural Background

On December 2, 2009, Copeland was charged in five counts of a nine-count indictment. *See* Indictment [DE-1]. In Count One, Copeland was charged with conspiracy to possess with intent to distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846. Counts Five, Six and Seven charged Copeland with distributing 5 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). In Count Eight, Copeland

---

[1]Copeland's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-203], which was filed on August 20, 2012. At the court's direction, Copeland filed a "conforming" motion [DE-205] on August 31, 2012.

was charged with distributing 50 grams or more of cocaine base (crack) and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

Copeland's arraignment was held on February 1, 2010. At his arraignment, Copeland pled guilty to Count One pursuant to a written plea agreement [DE-85]. It was agreed that Counts Five, Six, Seven and Eight would be dismissed at sentencing. *Id.* at 5.

On May 13, 2010, the court held Copeland's sentencing hearing. Copeland was sentenced to 240 months' imprisonment. *See* Judgment [DE-126].

Copeland filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-203, DE-205] on August 20, 2012. In his § 2255 motion, Copeland argues that in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), he was erroneously sentenced as a career offender.[2]

On June 30, 2015, the Magistrate Judge issued a Memorandum and Recommendation ("M&R") [DE-262]. The Magistrate Judge concluded that Copeland's § 2255 motion is untimely, and he is not entitled to equitable tolling. [DE-262] at 5-7. The Magistrate Judge further concluded that Copeland waived the right to raise his *Simmons* claim because his plea agreement contained a provision waiving his right to collaterally attack his sentence, excluding only claims of ineffective assistance of counsel or prosecutorial misconduct not known to Copeland at the time of his guilty plea. *Id.* at 9-11. Finally, the Magistrate Judge concluded that Copeland procedurally defaulted on his *Simmons* claim and could not establish actual innocence. *Id.* at 11-13. The Magistrate Judge recommended that the court deny Copeland's § 2255 motion

---

[2]The determination that Copeland was a career offender was based upon two convictions for possession with intent to manufacture, sell, and deliver cocaine. PSR ¶¶ 23, 25, 55. Copeland was sentenced to 8 to 10 months of custody for each conviction. PSR ¶¶ 23, 25.

2

[DE-203, DE-205], allow the Government's Motion to Dismiss [DE-207], and deny as moot Copeland's Motion to Appoint Counsel [DE-211]. *Id.* at 13.

Copeland filed Objections [DE-263] to the M&R on July 10, 2015. In his Objections, Copeland objects to every basis for denial of his § 2255 contained in the M&R. [DE-263] at 1-5. Copeland also relies on the Supreme Court's recent decision in *Johnson v. United States*, No. 13-7120, 2015 WL 2473450 (U.S. June 26, 2015). *Id.* at 4-5. Copeland does not object to the Magistrate Judge's recommendation that his Motion to Appoint Counsel be denied.

On July 16, 2015, the Government filed a Response [DE-264] to Copeland's Objections. The Government argues that the Supreme Court's decision in *Johnson* offers Copeland no relief. [DE-264] at 2. The Government further argues that even if Copeland's *Simmons* claim survived the procedural defenses discussed by the Magistrate Judge, Copeland's challenge to his guideline calculation is not cognizable on collateral review. *Id.* at 2.

## II. Discussion

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of a timely-filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416

3

F.3d 310, 315 (4th Cir. 2005).

## A. The Supreme Court's decision in *Johnson* offers no relief to Copeland.

A felon in possession conviction typically carries a statutory maximum sentence of ten years in prison. 18 U.S.C. § 924(a)(2). If the defendant has three or more previous convictions for certain types of felonies, he is subject to an enhanced minimum sentence of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). Title 18, United States Code, Section 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

The Armed Career Criminal Act (ACCA) defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that--(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B).

The "residual clause" of § 924(e)(2)(B)(ii) covers convictions that "otherwise involve[ ] conduct that presents a serious risk of physical injury to another." In *Johnson*, the Supreme Court held that the "residual clause" of the ACCA, 18 U.S.C. § 924(e) is unconstitutionally vague.

In *Johnson*, the Supreme Court addressed the *statutory* sentencing enhancement contained in 18 U.S.C. § 924(e) and the definition of "violent felony" found in § 924(e)(2)(B)(ii). 2015 WL 2473450, at *3. The Court did not directly address a sentence under the advisory guideline regime. Additionally, Copeland's career offender designation was based on controlled

4

substance offenses, as opposed to a crime of violence. Consequently, Copeland's claim that *Johnson* offers him relief is overruled.

**B. Copeland's challenge to his guideline calculation is not cognizable on collateral review.**

Section 2255 states four grounds upon which relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[B]y its terms, § 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error." *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)). The Supreme Court has recognized that a petitioner is only entitled to relief under 28 U.S.C. § 2255 for an alleged sentencing error that is neither constitutional or jurisdictional when the case constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346 (internal quotation marks omitted). This standard is met when there are "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962) (internal quotation marks omitted).

In this case, Copeland's alleged error did not arise from a constitutional or jurisdictional error or result in a sentence in excess of the maximum authorized by law. Rather, Copeland's *Simmons* claim relates to the court's calculation of his advisory Guidelines range.
The Fourth Circuit recently held that the erroneous career offender designation was "not a fundamental defect that inherently results in a complete miscarriage of justice." *Foote*, 784 F.3d at 940; *see also Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (en banc) (holding

5

that the misapplication of the Guidelines cannot support a § 2255 claim); *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999) (the misapplication of the Guidelines is not cognizable under § 2255 because "a misapplication of the guidelines typically does not constitute a miscarriage of justice"). Accordingly, Copeland has failed to state a cognizable claim under § 2255.

### C. Copeland has waived any objection to his Motion to Appoint Counsel.

The Magistrate Judge recommended that Copeland's Motion to Appoint Counsel be denied as moot. As noted, Copeland did not object to this part of the Magistrate Judge's M&R. The court does not find the Magistrate Judge's recommendation to be clearly erroneous. Accordingly, Copeland's Motion to Appoint Counsel [DE-211] is DENIED as moot.

### III. Conclusion

For the foregoing reasons, the court ADOPTS the recommendation of the Magistrate Judge as its own, and for the reasons stated therein, in addition to the foregoing reasons, Copeland's Motion to Appoint Counsel [DE-211] is DENIED as moot, the Government's Motion to Dismiss [DE-207] is ALLOWED, and Copeland's § 2255 motion [DE-203, DE-205] is DISMISSED. The court concludes that Copeland has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 22 day of July, 2015.

*James C. Fox*
James C. Fox
Senior United States District Judge